No. 2212.—HENRY DITTMER & THEO. PELLE *v.* GERMANIA INSURANCE COMPANY of New Orleans.

The provision in a policy of insurance against an increase of risk by acts of the insured is an independent condition of itself, and is not to be controlled or limited by the previous conditions or specifications of the hazards. Therefore an act done by the assured, although not included in the class of specified hazards, nevertheless avoids the policy if it increases the risk.

In this case the assured allowed a lot of loose and unbaled hay to be stored in the upper part of the building insured, without giving notice to the insurers. Held—That, although unbaled hay was not specially excepted from the hazards, yet from its very nature the risk was increased, and therefore, it avoided the policy on that ground.

APPEAL from the Fourth District Court, parish of Orleans. *Théard,* J. *E. Howard McCaleb,* for plaintiffs and appellants. *J. M. Dirrhammer* and *C. E. Schmidt,* for defendant and appellee.

TALIAFERRO, J.   Dittmer insured to the amount of $2000 his stock of groceries, wines and liquors, and to the extent of $500 on his fixtures and furniture, all contained in a frame shingled building in the town of Carrollton.   Eight months afterwards the premises were entirely destroyed by fire, causing the total loss of his stock in trade, furniture, etc., which as alleged were worth at the time the fire occurred, over $2500.   The defendants being the insurers were sued on the policy of insurance for $2500, with interest, etc.

Dittmer & Pelle v. Germania Insurance Company.

The defense is, that Dittmer, after he had effected the insurance, stored in the premises a quantity of unbaled hay, and kept it there until the fire, thereby acting in bad faith and materially increasing the risk of the defendants, in violation of the contract by which he was insured, rendering according to its conditions the policy null and void.

The defendants had judgment in the court below, and the plaintiffs have appealed.

It is in proof that after the policy was taken out, Dittmer, the plaintiff, permitted one of his neighbors to store within the insured premises a large quantity of loose, unbaled hay. It seems to have been put in the upper story of the building insured, and to have been placed there about three months before the fire occurred. The witness Lieble, who owned it, says that there were about four thousand pounds of the hay in the building at the time of the fire, and that it was perfectly dry. The plaintiff contends that as "hay pressed in bales" is expressly named and classed as hazardous and excepted in the conditions annexed to the policy, and unbaled or loose hay not being so classed and specified it can not be considered as excepted, and that the policy is not thereby void. An express condition stipulated by the insurers is, that the plaintiff should not in any manner increase the danger and risk of fire on his premises during the continuance of the policy. The insurance company was not informed of the storing of the hay in the building insured, and no application was made for the assent of the company to its being so stored, and no opportunity offered the insurers to require as a condition for continuing the policy in force, a higher or increased premium.

We think the doctrine contended for on the part of the plaintiff is not maintained. We think it an established rule that the provision in a policy of insurance against an increase of risk by acts of the assured is an independent condition of itself, and is not to be controlled or limited by the previous condition or specification of hazards. Therefore, if the act done by the assured, although not included in the class of specified hazards, it nevertheless avoids the policy if it increases the risk. 1 Strobart, S. C. Reports 281; 10 Pickering 535; 2 Comstock, N. Y. Reports; 53 Penn. 353.

That the risk was increased in this case by the storing a large quantity of loose dry hay in the building insured, we think can admit of no doubt. If hay pressed in bales be excepted as hazardous for the reason that it is easy to ignite, *a fortiori*, hay in the loose, unbaled state, would be far more so from the rapidity with which incandescence and flame would be developed by ignition. We think the defense is sustained and that the judgment should be affirmed.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.

Rehearing refused.