EDWARD ASHWORTH *vs.* BUILDERS' MUTUAL FIRE INSUR-
ANCE COMPANY.

A dwelling-house and barn are unoccupied, within the meaning of an insurance policy
which provides that buildings unoccupied shall not be covered by the policy, where the
house is only used by the insured and his servants for the purpose of taking their meals
there when engaged in carrying on a contiguous farm, and the barn is only used for the
purpose of storing hay and farming tools.

CONTRACT upon a policy of insurance against loss by fire upon
a house described in the application and in the policy as a
"dwelling-house situated on the road leading from Warren to
Palmer Depot," and upon a barn described as "near by" the
house.   The application signed by the plaintiff, in answer to the
question, "How are the premises occupied?" contained the an-
swer, "For farming purposes by the assured."   The proof of
loss contained the statement that at the time of the fire the
buildings were unoccupied.   The policy contained the following
provisions, "If the buildings insured shall be vacated and remain
so more than thirty days without the consent of this company,
. . . . this policy shall be void."   "Buildings unoccupied are
not covered by this policy, unless insured as such."

Trial in the Superior Court, before *Dewey*, J.

The plaintiff in opening his case stated that he should prove
that the application was made to the company through the com-
pany's agent at Palmer, and that the policy was issued upon it ·
that the buildings were situated upon a farm owned and carried
on by him ; that the farm did not extend down to the road named
in the policy, but that a lane a half mile in length ran from the
road to the house and barn; that the lane was made for com·
munication with the road, and led no further than to the house
that the house had no other communication with any road,
that the description in the policy of the house and barn was cor-
rect, unless the statement that it was situated on the road was
incorrect; that he owned and occupied as his dwelling place, at
the time of his application and the issuing of the policy, another
house and barn, which were situated on another farm and directly

on the road named in the policy, but that he should prove that these were insured elsewhere at the time of the taking out of this policy ; that he informed the agent of the defendants, when he made his application, that the house and barn situated on the lane were the buildings he wished to insure ; that the agent assented and inquired the nearest public road to them, and on being told by plaintiff the road named in the policy, the agent wrote the description contained in the policy ; that at the time of taking out the policy, and up to the time of the fire, the buildings were occupied only as follows :  When the plaintiff was engaged in carrying on the farm contiguous to the buildings, he and his servants took their meals in the house, and the barn was used for the usual purposes of a farm barn for storing hay and farming tools, but cattle were not kept in it ; that, at the time the application was made and the policy was issued, he told the agent the nature of his occupation of both house and barn, and the agent issued the policy, knowing all the facts ; that the agent assented to them, and wrote all the written parts of the application and policy ; that in about two months after the policy was issued, the buildings were destroyed by an accidental fire, and that due notice and proof of loss were given.

The defendant contended that on the proof of such of the above facts as were competent, the plaintiff could not maintain this action, and the court so ruled, and a verdict was thereupon rendered for the defendant, and the case was reported by the presiding judge to this court.  If the ruling was incorrect, the verdict was to be set aside, and the case to stand for trial ; otherwise judgment was to be entered on the verdict.

*G. M. Stearns, (M. P. Knowlton* with him,) for the plaintiff.

*A. L. Soule & J. G. Allen,* for the defendant.

COLT, J.  The policy expressly declares upon its face that buildings unoccupied are not covered unless insured as such.  This is descriptive of the subject matter of the insurance.  It is a stipulation on the truth and fulfilment of which the contract depends, and the insurer has a right to insist on a strict compliance.  It is decisive of this case ; for assuming that the dwelling-house and barn, although situated at the end of a lane and half

a mile distant from the road named in the policy, would come within the description of the property insured, yet the facts stated do not show an occupancy of either the house or barn within the meaning of the policy. Occupancy as applied to such buildings implies an actual use of the house as a dwelling place, and such use of the barn as is ordinarily incident to a barn belonging to an occupied house, or at least something more than a use of it for mere storage. The insurer has a right, by the terms of the policy, to the care and supervision which is involved in such an occupancy. *Keith* v. *Quincy Mutual Ins. Co.* 10 Allen, 228.                         *Judgment on the verdict.*