ELLEN CORRIGAN *vs.* CONNECTICUT FIRE INSURANCE COMPANY.

Norfolk.   Jan. 23. — Mar. 7, 1877.   MORTON & ENDICOTT, JJ., absent.

If a policy of insurance upon a house provides that the policy shall be void, if the house "shall remain vacant or unoccupied for the space of ten days, without written notice to, and consent of the company," it is not erroneous to instruct the jury that, if the house had not been used as a dwelling-place by some one within ten days of the loss, the policy would be void; and that, if the former occupant had moved with his family into another house where they slept and took their meals, the fact that some of his furniture remained in the house, and the key had not been surrendered to the landlord, until within the ten days, does not constitute an occupancy of the premises.

It is no ground of exception to show that possibly full and accurate instructions were not given, if the instructions given are not erroneous, and no request was made for further instructions.

CONTRACT on a policy of insurance against fire, issued by the defendant upon the plaintiff's house in Hyde Park. The policy contained a provision that if the premises insured "shall remain vacant or unoccupied for the space of ten days, without written notice to, and consent of the company, the policy shall be void." Trial in the Superior Court before *Dewey*, J., who allowed a bill of exceptions, in substance as follows:

The house was occupied by Andrew Rooney, as tenant at will, and on April 13, 1875, the plaintiff gave a notice in writing to the tenant notifying him to quit the premises for the non-payment of rent, which notice was served upon the tenant on April 14. The next day the tenant hired another house, and removed with his family, taking one bed, a stove, and some crockery, to the house so hired, and from time to time removed the balance of

his furniture.  After April 14, neither Rooney nor any of his family took any meals or slept in the house previously tenanted by him, but slept and took their meals in the other house hired by him.  A portion of the furniture remained in the house until two or three days before the fire, but it was not used for any other purpose, and the key of the premises was retained and not handed to the plaintiff until the Sunday night before the fire, which occurred on Friday, April 30, or the morning of May 1, 1875.

The case was tried upon two issues only: 1st, whether the house remained vacant and unoccupied for the space of ten days before the fire ; and 2d, what was the actual value of the house.

The plaintiff contended that the house did not remain vacant and unoccupied within the meaning of the policy, and there was a conflict of testimony as to when the tenant moved out. The judge ruled that if the jury found that the house had not been used as a dwelling-place by some one within ten days of the day of the fire, the policy would be void, and the case was submitted to the jury, on the question of occupancy within ten days, with this instruction.  After the charge of the judge, as there was evidence tending to show that the tenant had not removed all his furniture ten days before the fire, the foreman of the jury asked the judge whether the fact that the tenant's furniture, or some of it, remained in the house, and the key had not been surrendered to the landlord until within less than ten days of the fire, would be an occupancy of the premises, and the judge instructed the jury that it would not be, if the tenant and his family had moved into another house, where they slept and took their meals.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions to the foregoing rulings and instructions.

*I. S. Morse*, for the plaintiff.

*S. Hoar*, for the defendant.

LORD, J.  Without considering whether, if the presiding judge had given no other instruction upon the subject than his reply to the question propounded by the jury, it would have been sufficient, we need only to say that the answer of the presiding judge does not of itself show any error in law which should disturb the verdict.  It is quite clear that all the facts embraced within

the inquiry may exist, and the house still be vacant and un-occupied within the meaning of the contract between the parties. *Keith* v. *Quincy Ins. Co.* 10 Allen, 228. *Ashworth* v. *Builders' Ins. Co.* 112 Mass. 422. The phrase, " if he has moved into another house," must be understood to have been properly defined by the presiding judge in his charge to the jury.

If a proper construction of the bill of exceptions requires us to pass upon the accuracy of the instruction previously given, the same remarks are applicable to that. It is stated that the court ruled that, if the jury found that the house had not been used as a dwelling-place by some one within ten days of the day of the fire, the policy would be void. Certainly this language expresses no incorrect statement of the law. It is not to be presumed that nothing else was said, nor that the presiding judge did not by appropriate definitions explain to the jury what would constitute occupancy within the meaning of the policy and of the law. If for any reason the presiding judge omitted to give full or sufficient instructions upon such questions, it was the duty of counsel to ask for such instructions. Upon a bill of exceptions it is not sufficient for a party to show that possibly full and accurate instructions were not given, but the party ex-cepting must show affirmatively either that some instruction was given or ruling made which was erroneous in law, or that some proper request for instructions or rulings was refused. It does not appear that any request for instructions was made, nor that any instruction was given which in law is erroneous, and therefore the exceptions            *Must be overruled.*