JAMES P. LITCH & others *vs.* NORTH BRITISH AND MERCANTILE INSURANCE COMPANY.

Suffolk.   Jan. 10. — Feb. 28, 1884.   DEVENS & HOLMES, JJ., absent.

A dwelling-house is unoccupied, within the meaning of an insurance policy which provides that the policy shall be void if the premises become vacant or unoccupied, and so remain, without notice to and consent of the insurer, where the house, without such notice and assent, remains vacant for three months, and is then let to a tenant, who, up to the time of the loss, has placed in the house implements for cleaning it, but has not otherwise occupied it.

CONTRACT upon a policy of insurance against loss by fire, issued to the plaintiffs by the defendant corporation. Trial in

the Superior Court, before *Staples*, J., who ruled that the plaintiffs could not maintain their action, and directed a verdict for the defendant; and the plaintiffs alleged exceptions. The facts appear in the opinion.

*J. G. Holt & H. H. Mather*, for the plaintiffs.

*L. S. Dabney*, for the defendant.

MORTON, C. J. By the policy in suit, the defendant insured the plaintiffs " on their one and one half story frame dwelling-house," situate in Hyde Park. The policy contained the condition that it should become void " if the above-mentioned premises shall at any time be occupied or used so as to increase the risk, or become vacant or unoccupied, and so remain, without notice to and consent of this company in writing." The house was burned on April 3, 1881. It appeared by the undisputed evidence at the trial, that it was vacant and unoccupied from January 1, 1881, until it was destroyed by fire, without notice to or consent of the company.

The plaintiffs contend that the testimony of one Davis shows an occupancy by him at the time of the fire. He testified that he hired the house and received the keys on the last day of March ; that he never moved into it ; that he was never in the house but once, which was on the day he hired it ; and that he then left in the house " a pail, a scrubbing brush, and a mop, intending to go there on the following Monday and clean it." There is no pretence for saying that this shows an occupancy by Davis, within the meaning of the condition of the policy above cited, the object of which was to insure that the house should be under the care and supervision of some one in the actual occupation and use of it. *Ashworth* v. *Builders' Ins. Co.* 112 Mass. 422. For this reason, the plaintiffs cannot maintain this action. *Exceptions overruled.*