MARGARET BARRY, PLAINTIFF, v. THE PRESCOTT INSURANCE COMPANY, OF BOSTON, MASSACHUSETTS, DEFENDANT.

*Policy of fire insurance — when premises become " unoccupied."*

In October, 1880, the plaintiff moved out of a house owned by her into another near by and rented the first house to a tenant for a term ending April 1, 1881. The tenant left the premises before the end of his term. In the early part of March the plaintiff procured the key of the house from the tenant, and commenced to plaster and whitewash it and to move her furniture into it with a view of occupying it. On April 8, 1881, the house was burned. Three days prior to that time all the plaintiff's furniture had been moved into the house, but no person was living there when it took fire. The defendant had, in May, 1879, issued a policy of insurance against fire for three years upon the house, which provided that if the premises should "become vacant or unoccupied, and so remain with the knowledge of the assured without notice to and consent of this company in writing, * * * this policy shall be void."

*Held*, that the house had become unoccupied within the meaning of this term in the condition of the policy, and that no recovery could be had thereon.

MOTION by the plaintiff for new trial on exceptions taken at the Ontario Circuit, and ordered to be heard at the General Term in first instance.

*John Gillette, Jr.*, for the plaintiff.

*A. H. Sawyer*, for the defendant.

BRADLEY, J.:

On the 24th day of May, 1879, the defendant insured the plaintiff against loss or damage by fire, $400 on a dwelling-house occupied by her and a tenant, and $100 on furniture, etc., for the term of three years. The policy contained a provision that if the premises should "become vacant or unoccupied and so remain with the knowledge

of the assured without notice to and consent of this company in writing * * * ' this policy shall be void." The building and contents were destroyed by fire on the 8th day of April, 1881. The trial court held that there was a breach of the condition, in that the premises were unoccupied, etc., at the time of the fire, and directed a verdict for the defendant. The questions arise on the exception to such direction and to the refusal of the court to submit certain propositions to the jury.

It appears that in the latter part of October, 1880, the plaintiff moved out of the house and into another near by, rented it to a tenant for a term ending the first of April following, and he moved in. The tenant left the premises before the end of his term, and shortly after, and about a month before the fire, the plaintiff obtained from him the key of the house and went to it, and within a week thereafter she commenced moving her furniture into the house with a view to occupying it, and three days before the fire her furniture was all moved into the house, but at the time of the fire she had not gone there to stay, and no one was then living in the house, and no one had lived in it after the tenant left, but the plaintiff had continued to have work done in the house, plastering, whitewashing, etc., preparatory to going into it to live, and for that purpose she was engaged in it every day for two weeks preceding the time of the fire. The language used in the policy is entitled to a construction as favorable to the assured as it will fairly permit, and every reasonable intendment will be allowed in support of such view as will give protection to the assured and defeat forfeiture. (*Hoffman* v. *Ætna Ins. Co.*, 32 N. Y., 405; *Reynolds* v. *Commerce Ins. Co.*, 47 id., 597.) And reference must be had to the understanding which the assured was at liberty to derive from the terms employed, in view of the purposes for which it may be assumed they were used, and their common acceptation should control as distinguished from a technical meaning of the language. In that sense the house was not vacant at the time of the fire. That term fairly imports that it is not used for any purpose, that it is substantially empty. And the application of the word unoccupied is entitled to a reasonable interpretation, and should be controlled and qualified by the condition and circumstances in view, and as the parties may be deemed to have understood its application in the

contract to the situation, having reference to the incidents and contingencies which may fairly be anticipated to attend the use of the premises. The rule of construction and application of words used in such contract, is well stated and defined by the court in *Whitney* v. *Black River Insurance Company* (72 N. Y., 117). There the property insured was a saw-mill, and it was held that a suspension of the use and operation of the mill, because repairs had become necessary did not render it vacant and unoccupied within the meaning of those terms. But in that policy it was required that the premises become " vacant and unoccupied," to defeat its operation. And such was the term used in the policy which was the subject of the action in *Herrman* v. *Merchants' Insurance Company* (81 N. Y., 184), where the court held that the removal for a season by the owner from the house insured (which was a summer residence), leaving his furniture in it, and intending to return to it for his next summer residence, did not render the house vacant. But in that case, EARL, J., by *dictum*, adds that if the words had been vacant or unoccupied, or simply unoccupied, a different question would be presented, that " a dwelling-house is unoccupied when no one lives therein, but is not then necessarily vacant." And in *Herrman* v. *Adriatic Fire Insurance Company* (85 N. Y., 162), upon precisely the same state of facts in respect to the removal, the situation in which the house and furniture were left, and the purpose of the owner to return the policy was held void because it contained the provision that " in case the premises become *vacant or unoccupied*, and so remain for more than thirty days without notice and consent of the company in writing, the policy shall be void," and the building was destroyed by fire after the expiration of thirty days from the time of such removal, and before the residence therein of the assured was resumed. In that case the court distinctly held that occupation of a dwelling-house requires that " there must be in it the presence of human beings as at their customary place of abode, not absolutely and uninterruptedly continuous, but that must be the place of usual return and habitual stoppage." There the plaintiff had provided a person who resided in a house adjacent to that destroyed to look after and take care of it, and the assured and his wife made visits to it fortnightly to see that it and its contents were kept in order

and the man living on the grounds and his family very frequently made examination and inspection of them for a like purpose. The term "unoccupied" as applied to a dwelling-house is not, therefore, an open question in this State, and such house must be deemed to be within it when for the time being it is not the place of abode of human beings and used as such. And the same has been given as its exclusive meaning and import by the courts in *Paine* v. *Agricultural Insurance Company* (5 T. & C , 619); *Ashworth* v. *Builders' Insurance Company* (112 Mass., 422; 17 Am. R., 117); *Corrigan* v. *Connecticut Fire Insurance Company* (122 Mass., 298); *Cook* v. *Continental Insurance Company* (70 Mo., 610; 35 Am. R., 438).

The learned counsel for the plaintiff contends that this is distinguishable in that respect from Herrman's case, in that there is no limitation expressed of the time it shall remain unoccupied to constitute a breach, and therefore the words "and so remain with the knowledge," etc., should be construed to imply a cessation of occupancy without purpose to resume it, or suspension of occupancy in the nature of an abandonment for the time being at least, and that a definite and continued purpose to reoccupy does not permit a breach of the condition or warranty. It is difficult to see how that contention can be supported. The limitation of the time is that which precedes the injury or destruction by fire, and the important time is that when it occurs. The fact that the premises become vacant or cease to be occupied does not render the policy void, but that comes from its remaining so with the knowledge of the assured. And the latter fact, however long it may remain unoccupied, if the occupany, has actually been resumed before and exists at the time of the fire does not vitiate the policy. The fair and only reasonable interpretation of the provision is that if the premises become unoccupied and remain so up to and at the time of the fire, there is a breach which renders the policy void. And such was held in *Dennison* v. *Phœnix Insurance Company* (52 Iowa, 457) where the phrase was that " if the premises should become vacant or unoccupied and so remain," etc. The house in question became unoccupied in the established sense of that term when the tenant moved out. The purpose of the plaintiff to move in and occupy it was at once formed, and she proceeded to prepare the house and take

steps to consummate that purpose, and was just at the point of making the occupancy complete when the loss occurred. But the purpose is not sufficient; that and the act must concur.

In *McClure* v. *Watertown Fire Insurance Company* (90 Penn. St., 277; 35 Am. R., 656), it was held that purpose and speedy effort to restore occupancy by placing another tenant in the building did not aid the assured. And such is the rule that the force of the provision of the contract is not modified by nor does it yield to accommodate itself to the purpose, diligence or good faith of the assured, unless the construction of its terms permit. If it may be assumed that a change of occupants is contemplated by the parties to the contract of insurance, so that during the brief period which may necessarily intervene between the removal of one and the commenced occupancy of his successor, the premises may not be deemed unoccupied within the meaning of the provisions, it is difficult to bring this case within that saving situation, or to say that there was any question of fact in that respect presented by the evidence. (*Wait* v. *Agricultural Insurance Company*, 13 Hun, 371.)

A month at least elapsed between the time of the removal of the tenant and the fire. And during the most of that time the plaintiff had knowledge that no one lived in the house. It could not reasonably require that time to move into it, nor could preparation to produce readiness of the house to receive, and of the assured to move into it, extending through such a period, come within the contingencies contemplated or be treated as a continued occupancy. In *Ætna Insurance Company* v. *Meyers* (63 Ind., 238) it was held that the operation of the contract of insurance was, by its terms, suspended during a short temporary period of unoccupancy, but there the language differed from the provision in question. In *Dennison* v. *Phœnix Insurance Company* (*supra*), it was held error to submit to the jury the question whether the house had remained unoccupied an unreasonable length of time. (And see *Bennett* v. *Agricultural Ins. Co.*, 50 Conn., 420, to the same effect.) The preparation going on by way of plastering, whitewashing and cleaning, cannot, in view of the meaning of the term as before mentioned, be deemed occupancy. (*Keith* v. *Quincy M. F. Ins. Co.*, 10 Allen, 228; *Litch* v. *N. B. and M. Ins. Co.*, 136 Mass., 491.) The situation is unfortunate

for the plaintiff, and it may be she was unadvised of the terms of the policy and their effect in the respect in question, but the court could not properly permit her to testify that she could not read, inasmuch as there was no proof, or purpose expressed to furnish any, to the effect that any fraud or concealment was sought to be practiced by the defendant on the plaintiff in respect to the policy or its terms. In the view taken of the case there were no questions for the jury, and therefore no error in the refusal of the court to charge as requested.

The motion for a new trial should be denied and judgment ordered on the verdict.

BARKER and HAIGHT, JJ., concurred.

Motion for new trial denied and judgment ordered for the defendant on the verdict.