MOORE v. PHŒNIX FIRE INSURANCE CO.

A house in which no one lives, but in which a former occupant had left some trifling articles of furniture, not of such character as to be valuable for use elsewhere, is "vacant and unoccupied" within the meaning of those terms as used in a fire insurance policy.

ASSUMPSIT, on a policy of insurance upon the plaintiff's two-story frame dwelling-house, barn, and shed attached. The property was burned December 20, 1876. The policy, which was dated August 15, 1876, contained a clause providing that the same should be "void if the premises shall become vacant and unoccupied for a period of more than ten days without the consent of the company

endorsed on the policy." No one lived in the house or on the premises from the latter part of August, 1876, until a short time before the fire. The buildings were situated in the White Mountain Notch, about two miles below the Willey house. At the time the policy was issued they were occupied by one Raymond. When Raymond went away he left in the barn about three tons of hay, one grain-box, one scythe and snath, a pitchfork, and a shovel; in the house, two shovels, a sink, a table, and a cupboard in the kitchen; in the dining-room, a table, several benches to sit upon, a wood-box, a cooking-stove, and some counters; up-stairs, four or five bedsteads, made of boards and joist, some stove-pipe, and two or three old-fashioned straight-backed chairs. The stove-pipe was used as a substitute for chimney, there being no chimney in the house. There were one or two old wagons about the premises. The foregoing articles of furniture were of a rough, cheap character, but were such as had been used at the house by Raymond and those who had previously occupied the premises. They were not of such value or character as that they were valuable for use elsewhere.

The defendants requested the court to rule that the non-occupation from August 24 to December 11, as a matter of law, increased the risk, and the policy thereby became void. The court declined so to rule, and the defendants excepted. The defendants moved that a verdict be directed for them, on the ground that there was no evidence competent to be submitted to the jury that the premises insured were not vacant and unoccupied. The court denied the motion, and the defendants excepted. The court instructed the jury that the word vacant in the policy means the same as empty, devoid of furniture, and that whether the buildings were vacant in that sense was the question for them to decide. Looking at the purposes and uses of the house, was it vacant in the above sense? To this instruction the defendants excepted. In response to a question submitted to them by the court, the jury found specially that neither of the buildings named in the policy was vacant and unoccupied for more than ten days at any time between the date of the policy and the time of the fire. A general verdict was directed for the plaintiff, which the defendants moved to set aside.

*J. L. Foster, Ray, Drew & Jordan,* and *Rand & Morse,* for the plaintiff.

*P. Carpenter, Aldrich & Remich,* and *Bingham, Mitchells & Batchellor,* for the defendants.

ALLEN, J. The defendants claim that the action cannot be maintained, because it was not commenced in this court within twelve months from the date of loss, as stipulated in the policy.

The action was commenced within twelve months of the loss, in the circuit court of the United States. Subsequently, after the lapse of more than twelve months, by agreement of the parties, the suit was transferred to this court. The entry of the action here was not of a new action then first commenced : it was the same action before begun in the federal court. The agreement to enter the action here and prosecute the defence was a waiver by the defendants of the limitation in the policy. The limitation was not pleaded, and this defence could not be made except under a special plea.

The buildings were occupied at the time the insurance was effected, August 15, 1876. From August 24, 1876, to December 11, of the same year, they were not occupied. They were consumed by fire December 20, 1876. The policy contained the condition that " if the premises shall be occupied or used so as to increase the risk, or become vacant and unoccupied for a period of more than ten days, or the risk be increased by any means whatever within the control of the assured, without the consent of the company  *  *  * then, and in every such case, this policy shall be void." It seems to have been conceded at the trial that the plaintiff's buildings had been "unoccupied," within the meaning of that term as used in the policy for a period of more than ten days. But a different meaning was given to the phrase " vacant and unoccupied ;" and, under instructions of the court upon the definition of the word vacant, the jury found that the buildings were not " vacant and unoccupied " for a period of more than ten days between the date of the policy and the fire.

The meaning of the words "vacant and unoccupied," as used in the contract of insurance, is that which the parties intended to give them ; and that intention is to be found from the whole instrument, the subject-matter of the contract, and the situation of the property insured. The object of the stipulation against vacancy and non-occupancy was to guard against the increased risk which arises from the absence of everybody whose duty or interest might afford some protection. In the same clause of the contract, "increase of risk " from the mode of occupation and use of the premises, and " increase of risk by any means whatever," are mentioned as express grounds for avoiding the policy. " If the buildings shall be occupied or used so as to increase the risk, or become vacant and unoccupied for a period of more than ten days, or the risk be increased by any means whatever," is a statement in which the leading idea in the condition of forfeiture is " increase of risk," and that idea must have been intended as a part of the definition of the words " vacant and unoccupied." It was the increase of risk from the loss of care and attention of persons otherwise present which the parties intended to guard against by the stipulation of forfeiture in case of vacancy and non-occupancy for more than ten days. They intended by the words " vacant and unoccupied,"

as used in the policy and in the connection in which they were used, such a desertion of the premises and removal from them as would materially increase the risk.

The case of *Sleeper* v. *Insurance Co.*, 56 N. H. 401, sustains this construction of the words "vacant and unoccupied." In that case the stipulation for forfeiture in the policy was, "If the premises hereby insured become vacated by the removal of the owner or occupant, without immediate notice to the company and consent indorsed hereon   *   *   this policy shall be void." In the opinion by *Smith*, J., it is said,—"It is apparent the insurers intended to guard against the increased risk which inevitably affects buildings where no one is living or carrying on any business. An unoccupied building invites shelter to wanderers and evil-disposed persons. No one interested is present to watch or care for the property, or seasonably to extinguish the flames in case of fire; and for various reasons that might be enumerated an unoccupied building is more exposed to destruction, to say nothing of the inducement a dishonest owner would have to turn it, if unprofitable, into money, when insured, by becoming a party to its destruction by fire. If, then, the motive is to have some one present occupying and dwelling in the buildings, and interested to preserve the roof that shelters his family or holds his household goods, that object would plainly be defeated by holding that he and his family may depart with all their possessions, save perhaps a few articles not needed for present use, and still the premises be considered occupied.   *   *   I cannot say that I have any doubt that these buildings were vacant at the time they were burned, in the sense in which that term was used in the policy." And *Ladd*, J., in his opinion in the same case, says,—"I think when the occupant of a dwelling-house moves out with his family, taking part of his furniture and all the wearing apparel of the family, and makes the place of his abode in another town, although he may have an intention of returning in eight or ten months, such dwelling-house, while thus deserted, must be regarded as unoccupied—that is, vacated—according to the natural and ordinarily received import of those terms. It is the very situation against the hazards of which the defendants undertook to guard themselves by an express stipulation and condition inserted in the contract upon which the action is founded."

In *Keith* v. *Insurance Co.*, 10 Allen 228, the policy contained a provision that "if the building insured remains unoccupied more than thirty days without notice, the policy will be void." The building was a trip-hammer shop, and had not been used for business for more than thirty days, the machinery and tools remaining there, and the plaintiff's son going through the shop nearly every day to see if things were right. It was decided that these facts did not constitute occupancy, but that some practical use must have been made of the building; and if it remained thus, without

any practical use, for the space of more than thirty days, it was, within the meaning of the policy, unoccupied, and the policy became void. And in *Ashworth* v. *Insurance Co.*, 112 Mass. 422, the condition in the policy was, "If the buildings insured shall be vacated and remain so more than thirty days without the consent of the company, the policy shall be void." The buildings were a dwelling-house and barn. The house was only used by the plaintiff for himself and servants to take their meals in when he was carrying on a contiguous farm, and the barn was used for storing hay and tools, but no cattle were kept there. A verdict for the defendant ordered upon these facts was sustained, the decision being that the premises were vacated within the meaning of that term as used in the policy, which thereby became void. In the opinion, *Colt*, J., says,—"Occupancy, as applied to such buildings, implies an actual use of the house as a dwelling-place, and such use of the barn as is ordinarily incident to a barn belonging to an occupied house, or at least something more than a use of it for mere storage. The insurer has a right, by the terms of his policy, to the care and supervision which is involved in such an occupancy." *Keith* v. *Insurance Co.*, *supra*, where "unoccupied" instead of "vacated" is used in the condition of forfeiture, is cited as an authority in support. If the terms "vacated" and "unoccupied," as applied to buildings and as used in clauses of forfeiture in policies of insurance, are intended to refer to the want of some practical use for which the insured buildings were designed, and the reason for this is the increased risk arising from the lack of care and vigilance incident to such a use, then the buildings must be said to be "vacant and unoccupied," within the meaning of the contract of insurance, when there is such a removal from them as to materially increase the risk from fire.

In all the cases referred to, the terms "vacancy" and "non-occupancy" are used interchangeably, and as equivalent in meaning. "When the policy specially provides, that in case the premises 'shall be left unoccupied' [*Paine* v. *Agricultural Ins. Co.*, 5 Th. & C. 619], or 'shall remain unoccupied' [*Keith* v. *Insurance Co.*, *supra*], or 'shall become vacant' [*Cummins* v. *Insurance Co.*, 5 Hun 554], or 'unoccupied' [*Wustum* v. *Insurance Co.*, 15 Wis. 138], or 'shall be vacated'" (*Ashworth* v. *Insurance Co.*, *supra*), the insurance shall be forfeited. "A practical occupancy consistent with the purposes or uses for which it was insured is intended, and an occupancy that measurably lessens the vigilance and care that would be incident to its use for such purposes is not an occupancy within the meaning of the term as thus employed." Wood Ins., s. 89.

The question of vacancy and non-occupancy, and the question of increase of risk from these and other changes of circumstances, are questions of fact for the jury. *Gamwell* v. *Merchants' Insurance Co.*, 12 Cush. 167; *Luce* v. *Insurance Co.*, 105 Mass. 297; *Williams* v.

*Insurance Co.*, 57 N. Y. 274; *Cummins* v. *Insurance Co.*, 67 N. Y. 260 ; *Robinson* v. *Insurance Co.*, 27 N. J. 34; Wood Ins. 439, and cases cited. But where the undisputed facts, as naturally interpreted, show vacancy and non-occupancy and consequent increase of risk, or when there is no evidence to rebut, modify, or explain the evidence of increased danger from the change, there is no question of fact to submit to the jury, and it becomes the duty of the court to declare the verdict. *Sleeper* v. *Insurance Co.*, *supra ; Ashworth* v. *Insurance Co.*, *supra ; Ditmer & Pelle* v. *Insurance Co.*, 23 La. Ann. 458.

The defendants, at the trial, moved that a verdict be directed for them on the ground that there was no evidence to be submitted to the jury that the insured premises were not " vacant and unoccupied." The motion was denied, and the question of vacancy and non-occupancy was submitted to the jury under instructions making a distinction in meaning between these terms as used in the policy, and leaving the question of vacancy to be determined upon the evidence, without reference to the question of increase of risk. Taking the meaning of the phrase " vacant and unoccupied," as used in the policy, to be such vacancy and non-occupancy as materially increased the risk, there was no evidence that the buildings insured were not " vacant and unoccupied," for a period of more than ten days, in that sense. The premises were not occupied for nearly three months between the date of the policy and the fire. Little or no furniture of sufficient value to remove was left in the house, which was remote from habitations, five miles in one direction and two in the other. There was no person in the vicinity whose duty or interest required him to have any care over it. The house was open, some of the windows broken, some entirely gone, and it was exposed to the incursions of chance travellers, pleasure-seekers, sportsmen, and tramps. Nothing short of destruction, which subsequently came, could have added to the abandoned character of the premises and the desolation which sat upon them. The facts all point to one conclusion. There is no circumstance showing or tending to show that the buildings were not " vacant and unoccupied," and there was no evidence showing or tending to show that the risk was not increased. There is no fact that lessens or modifies the force of the facts that show increased danger. It does not alter the case that the plaintiff did not know of the vacancy and non-occupancy until the time of re-occupation. Reasonable care required that he should have known of the tenant's removal, and it was his duty to see that the terms of the contract were carried out. *Sleeper* v. *Insurance Co.*, *supra.*

In his application, the plaintiff did not answer the question whether he would agree to keep the premises occupied. But this omission cannot contradict or expunge the express stipulation of the policy on the subject, and was not a waiver of it. The defendants did not consent to the non-occupancy. They were not

informed of it until long after the fire, and even in the plaintiff's proof of loss, he failed to give this material information. The parties could not have intended such an abandonment of the premises as the case shows, and at the same time not have intended that they would be "vacant and unoccupied" in the sense in which those words were used in the forfeiture clause of the policy. There being no evidence competent to be submitted to the jury that the buildings were not for more than ten days after the insurance "vacant and unoccupied," and vacancy and non-occupancy being manifest from undisputed evidence, the motion of the defendants for a verdict should have been granted, and the exception to the refusal is sustained.

*Judgment for the defendants.*

CARPENTER and BINGHAM, JJ., did not sit: the others concurred.