Louis T. Stensgaard and another *vs.* National Fire Insurance Company.

December 9, 1886.

Fire Insurance — Building "Vacant, Unoccupied, or not in Use."— A building insured, *held*, upon the evidence, to have been not "vacant, unoccupied, or not in use," within the meaning of the policy, at the time of its destruction by fire.

Appeal by defendant from a judgment of the district court for Ramsey county, where the action was tried before *Simons*, J., and a jury, and a verdict directed for plaintiff.

*Lusk & Bunn*, for appellant.

*James B. Beals* and *J. J. Mullen*, for respondents.

Berry, J. Action upon a fire policy. It is conceded by the insurance company that if, upon the evidence, the insured premises

were not (in the words of a clause in the policy) "vacant or unoccupied, or not in use," at the time of the fire, then the judgment in plaintiffs' favor should be affirmed.   The premises referred to are described in the policy as a "one-story frame shingle-roof building" in Aitkin.   The proof is that when the policy was issued, and for some months thereafter, the building, which had been used as a saloon, was not inhabited by any person, or used in any business; but on Friday, February 7, one Johnson, a clerk in plaintiffs' employ in St. Paul, was sent from that place by plaintiffs to Aitkin to "help fix up" the building, and to take charge of the same, and to remain and attend the bar therein.   On Saturday afternoon he and one of the plaintiffs got the key and went into the building, and, wood having been bought, started a fire, made some repairs of windows, and went to work cleaning up the interior, rearranging the fixtures, and making ready generally to open the saloon.   There was a lounge there, used for a bed, some blankets and other bedding, a stove, chairs, and other furniture suitable for a saloon; also a small stock of liquors, in kegs and bottles, of the approximate value of $50.   Johnson slept in the building Saturday night, and was sleeping there Sunday night, when, about midnight, the fire which consumed it broke out.

In our judgment, these facts make out a clear case of occupancy and use of the building at the time of the fire.   The policy describes it generally as a "building," without designating its particular character or the use to which it was adapted or expected to be put.   But granting, in defendant's favor, and as is no doubt the fact, that it was adapted to be a saloon, and expected to be used as such, and insured accordingly, plaintiffs' actual physical possession of it, with actual reference to using it as a saloon, and the getting of it in order and making it ready generally for that use, must, in any reasonable sense of the words, be taken to be not only an occupancy and use of the building, but an occupancy and use of it for the purposes of a saloon.   If it was so occupied and used, it was, of course, not vacant within the meaning of the policy.   The main object of a clause of the kind under consideration in an insurance policy is that the building insured shall be under the care and supervision of some one actually occupying and using it.   *Ashworth* v. *Builders' Ins. Co.,* 112 Mass. 422; *Litch* v.

*North British, etc., Ins. Co.,* 136 Mass. 491. That object was accomplished in this case.

Judgment affirmed.