[Civ. No. 3969. Third Appellate District.—December 11, 1929.]

W. M. MAUCK, Appellant, v. NORTHWESTERN NATIONAL INSURANCE COMPANY OF MILWAUKEE, WISCONSIN (a Corporation), Respondent.

Winslow P. Hyatt for Appellant.

W. W. Hindman for Respondent.

THOMPSON (R. L.), J.—The appellant's assignors and grantors owned a house and lot in the unincorporated city of Graham, in Los Angeles County. The dwelling-house was insured by the owners for $2,500 against loss by fire. The policy contained the following condition: "Unless otherwise provided by agreement endorsed hereon . . . this company shall not be liable for loss or damage occurring . . . while mechanics or artisans are employed in building or altering or repairing the described premises for more than fifteen days at any one time . . . or while a building herein described whether intended for occupation by owner or tenant is vacant or unoccupied beyond the period of ten consecutive days."

The policy also contained an exception to the foregoing release from liability for loss by fire which occurred while the building was unoccupied. This clause provided that: "If the building described hereunder is located within the *incorporated* limits of a city or town, permission is hereby granted for the same to remain vacant or unoccupied without limit of time."

On July 10, 1924, the building was destroyed by fire. It had been unoccupied for a year prior to the fire. The owners lived elsewhere and it was not rented to others. Men were engaged in moving the house to another lot. The building was not being altered or repaired. The doors and windows of the house were barricaded, except that the workmen kept their house-moving implements in one of the empty rooms during the time they were unemployed. The house had been raised and placed upon stringers and rollers

preparatory to moving it. In the absence of the workmen, at night, during this process of moving, the house burned. Due proof of loss by fire was made and payment was refused. This suit was thereupon instituted. The court found that the house was burned while it was vacant; that it had been unoccupied for a year prior thereto; that no permission for vacancy had been granted or indorsed on the policy; that it was not in the process of repairing at the time it was burned and that the property was not located in an incorporated city or town. Judgment was rendered for the defendant and this appeal was perfected.

The appellant seeks a reversal upon the grounds that (1) the pleadings admit the fulfillment of the contract of insurance in every respect by the insured, (2) the vacancy clause of the policy was inapplicable because the city where the building was located, in effect, was incorporated, and, (3) the building was in the process of being repaired and was occupied by the workmen who were engaged in moving it at the time of the fire.

■ The complaint alleges that the insured "duly performed all agreements and conditions of said policy required to be performed by them." The answer merely denied that the insured "duly performed all of the agreements or conditions of said policy." In an affirmative defense, however, the answer quoted the foregoing vacancy clause of the policy and alleged that the dwelling-house had been unoccupied for a year prior to and was vacant at the time of the fire. The affirmative allegations of the answer sufficiently raised the issue concerning the occupancy of the building. This was the chief issue at the trial. Evidence upon this subject was adduced without objection on the part of the appellant. The question of the insufficiency of the denials of the answer was not raised at the trial. The case was tried on the theory that the vacancy clause of the policy was an issue. It is too late to raise this question for the first time on appeal.

■ An insurance policy is a contract between the insured and insurer and its construction is governed by the rules which usually control other contracts. (14 Cal. Jur. 416, sec. 5.) ■ Where an insurance policy specifically provides, as it does in the present case, that the building is insured "while occupied only for dwelling house pur-

poses," and that the company "shall not be liable for loss" while it is "vacant or unoccupied beyond the period of ten consecutive days," without permission therefor indorsed on the policy, proof of the fact that for a year before and at the time of the fire no one lived in the house, is fatal to recovery, in the absence of waiver or permission therefor on the part of the insurer. (4 Joyce on Insurance, p. 3783, sec. 2225.) ■ Where the term "vacant" or "unoccupied" is used in an insurance policy with reference to a dwelling-house, it implies that it must be used and occupied by individuals in good faith as their residence in order to validate the policy. "A dwelling house is chiefly designated for the abode of mankind." (*Herrman* v. *Adriatic Fire Ins. Co.*, 85 N. Y. 162 [39 Am. Rep. 644]; 3 Words & Phrases, 3d ed., 101.) Proof of the fact that the dwelling was either vacant or unoccupied is sufficient. (4 Joyce on Insurance, p. 3784, sec. 2225.) The vacancy provision of a policy is obviously intended as a precaution against carelessness and an increased risk which accompanies an unoccupied house which may thereby become the resort of tramps and lawless individuals. As the court says in the case of *Moore* v. *Phoenix Ins. Co.*, 64 N. H. 140 [10 Am. St. Rep. 384, 6 Atl. 27, 32], under protection of the usual vacancy clause, the insurer is entitled to insist upon "a practical occupancy consistent with the purposes or uses for which they were insured. . . . " An occupancy that measurably lessens the vigilance and care that would be incident to its use for such purpose is not an occupancy within the meaning of the term.

■ Under the evidence in the present case the dwelling-house was clearly "vacant and unoccupied." The mere temporary use of a room for storing workmen's tools used in the process of moving the house does not constitute occupancy in the sense contemplated by the policy. In the case of *Halpin* v. *Phenix Ins. Co.*, 118 N. Y. 165 [23 N. E. 483], it is said: "A dwelling house, to be in a state of occupation must be the customary abode of human beings. . . . The house must be the place of usual return and habitual stoppage. *Herrman* v. *Adriatic Fire Ins. Co.*, 85 N. Y. 162 [39 Am. Rep. 644]; *Cummins* v. *Insurance Co.*, 67 N. Y. 260 [23 Am. Rep. 111]." In 1 May on Insurance, p. 504, sec. 249c,

the author, quoting from *Litch* v. *North British etc. Ins. Co.*, 136 Mass. 491, says: "A house that remains three months vacant and is then let to a tenant who up to the (time of) loss has done nothing but put into it implements for cleaning, is unoccupied within the meaning of the policy."

When no one actually resides in a house, altering, repairing or the process of moving the building does not constitute occupancy. (*Limburg* v. *German Fire Ins. Co.*, 90 Iowa, 709 [48 Am. St. Rep. 468, 23 L. R. A. 99, 57 N. W. 626] ; 4 Joyce on Insurance, p. 380, sec. 2330.)

Nor was this vacancy provision of the policy inoperative for the reason that the house was located "within the incorporated limits of a city or town." The vacancy of the house having been established, the burden rested on the plaintiff to show that his grantors and assignors were relieved from the obligation imposed by the vacancy clause of the policy, by virtue of the fact that the house was located within an incorporated city or town; that it remained vacant by written permission of the insurer or for any other legally excusable cause. There was no evidence that the city of Graham, where the house was located, was an incorporated city or town at the time of the fire. The appellant does not assert that it was ever incorporated. All that he contends is that it was included within a duly organized "fire protection district" under the provisions of the Statutes of California of 1923, page 431, 1 Deering's Laws of 1923, Act 2583, and that this organization fulfilled all the requirements within the spirit and intent of the policy which exempts the application from the vacancy clause when the house was situated in an incorporated city or town.

We cannot agree with this construction of the contract. It may not be said that a policy which requires a dwelling-house to be located in an incorporated city or town in order to exempt it from the vacancy clause is fulfilled by its location in an organized fire protection district. It may reasonably be presumed that an incorporated city will be provided with police protection, an organized fire department and other means of minimizing the danger of fire from lawlessness and vandalism, which protection may not

be afforded in an unincorporated town even though it be included in a duly organized fire protection district.

The judgment and findings are adequately supported by the evidence and the judgment is therefore affirmed.

Plummer, J., and Finch, P. J., concurred.