## Kinneer *v.* Southwestern Mutual Fire Association, Appellant.

Argued April 16, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*W. Brown Higbee,* of *Higbee, Matthews & Lewellyn,* with him *C. W. Martin,* for appellant.

*A. E. Jones* of *Jones, Whitehill & Lane,* for appellee.

OPINION BY RHODES, J., July 18, 1935:

This is an action on a mutual fire insurance policy issued by the defendant company to the plaintiff on May 1, 1929. Defendant offered no testimony at the trial, and the court directed a verdict for the plaintiff in the amount of $1087.50. Defendant appeals to this court. We need consider only the first, second, and fourth assignments of error. The first assignment of error relates to the refusal of the court to enter judgment for the defendant notwithstanding the verdict; the second assignment relates to the court's affirmance of the plaintiff's request for binding instructions; and the fourth assignment relates to the court's refusal of the defendant's request for binding instructions.

The policy, which is the basis of this action, and which is set forth in the plaintiff's statement, contains, inter alia, the following provision: "Unless otherwise provided by agreement in writing added hereto, this company shall not be liable for loss or damage occurring—, (f) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of ten days." The by-laws of the company, which were made a part of the policy, provided, inter alia, as follows: "Insured buildings becoming vacant and remaining vacant or unoccupied for over ten days, without the consent of the company duly obtained, renders the policy void."

The facts in this case with which we are concerned may be summarized as follows: About June 22, 1931, a party by the name of Alvy Brown, together with his family, moved into the house owned by the plaintiff and insured by the defendant. He and his family continued to live therein until November 10, 1931. On

November 10, 1931, this tenant moved his family from the house to the home of his wife's father, and he went to the hospital in Pittsburgh, Pennsylvania, for treatment. He expected, as he stated, to be gone five or six days, and gave notice of that fact to the plaintiff. In addition to their wearing apparel, he removed from the property his chickens, potatoes, and canned fruit. The usual household furniture was left in the house. From November 10, 1931, to the date of the fire, no one stayed in the house. The house was totally destroyed by fire on the morning of November 23, 1931, while Brown was still in the hospital and his family at the home of his wife's father. The plaintiff had no written permit from the defendant for this period.

The question with which we are concerned on this appeal is whether the plaintiff can recover on the policy for his loss resulting from the fire, where the policy provided that the defendant company shall not be liable for loss or damage occurring while the building is vacant or unoccupied beyond a period of ten days without the written consent of the company; and where the tenant of the insured premises removed his family and part of his belongings, after notice to the plaintiff, and the premises are destroyed by fire thirteen days thereafter,—he not having returned, although intending to do so.

The court below in its opinion, denying motion of defendant for a new trial and motion of defendant for judgment n. o. v., held that: "The house to all appearances was occupied. It was occupied by these inanimate objects of the tenant. The act of the tenant and his family in personally being away and taking such few personal belongings as they did, during the absence of the father at the hospital, leaving the remainder of their household furniture and property in the premises, was not such an act on their part as would cause a cessation of occupancy of the house as is contemplated in the policy sued upon. ...... Such house

was an occupied house as contemplated in the policy here sued upon."

We are unable to agree with the conclusion of the court below to the effect that the dwelling in question had not become unoccupied beyond a period of ten days, within the meaning of the policy.

The terms "vacant" and "unoccupied," as used in fire insurance policies of this type, have been frequently construed. In the case of Herrman v. Adriatic Fire Ins. Co., 85 N. Y. 162, 167, the court stated: "The plaintiff contends that the two words 'vacant' and 'unoccupied' are synonyms, and are to be interpreted as having the same meaning, and that that meaning is empty. And then argues that, as the dwelling-house was not empty, there was no breach of the condition. ...... A dwelling-house is chiefly designed for the abode of mankind. For the comfort of the dwellers in it, many kinds of chattel property are gathered in it. So that, in the use of it, it is a place of deposit of things inanimate and a place of resort and tarrying of beings animate. With those animate far away from it, but with those inanimate still in it, it would not be vacant, for it would not be empty and void. And as a possible case, with all inanimate things taken out, but with those animate still remaining in it, it would not be unoccupied, for it would still be used for shelter and repose. And it is because, in our experience of the purpose and use of a dwelling-house, we have come to associate our notion of the occupation of it with the habitual presence and continued abode of human beings within it, that that word applied to a dwelling always raises that conception in the mind. Sometimes, indeed, the use of the word 'vacant,' as applied to a dwelling, carries the notion that there is no dweller therein; and we should not be sure always to get or convey the idea of an empty house, by the words 'vacant dwelling' applied to it. But when the phrase 'vacant or unoccupied'

is applied to a dwelling-house, plainly there is a purpose—an attempt to give a different statement of the condition thereof; by the first word, as an empty house, by the second word, as one in which there is not habitually the presence of human beings." The United States Circuit Court of Appeals for the Third Circuit, in the case of Jelin v. Home Ins. Co., 72 Fed. (2nd) 326, quotes with approval the above quotation from Herrman v. Adriatic Fire Ins. Co.

In the case of Knowlton v. Patrons' Androscoggin Mut. Fire Ins. Co., 62 A. 289, 100 Me. 481 cited in 14 R. C. L. 1103, note 3, it was held that: "The mere presence of goods in the house, and a supervision over it, is not 'occupancy.' That requires 'living' in it."

In the case of Yost v. Anchor Fire Insurance Company, 38 Pa. Superior Ct. 594, this court, in an opinion by Judge ORLADY, stated: "The word 'occupied' has been construed in a number of cases. As commonly used and understood, the word 'occupation' is synonymous with 'possession,' but as used in a fire policy, providing that it shall become void if the house insured becomes unoccupied, means that no one lives therein: Herrman v. Merchants' Insurance Company, 81 N. Y. 184. It is not synonymous with vacant but is that condition, where no one has the actual use or possession of the thing or property in question: Herrman v. Merchants' Insurance Company, 44 N. Y. Super. Ct. 444. In such constructions, the word is to be construed with reference to the nature and character of the building, the purpose for which it is designed, and the uses contemplated by the parties as expressed in the contract. A dwelling-house being designed as the abode of mankind, is occupied when human beings habitually reside in it, and unoccupied when no one lives or dwells in it: Hartshorne v. Insurance Company, 50 N. J. Law, 427; Sonneborn v. Insurance Company, 44 N. J. Law, 220; see also 8 Words and Phrases, 7198." See Continental

Ins. Co. of New York v. Dunning, 249 Ky. 234, 60 S. W. (2nd) 577; Corrigan v. Conn. Fire Ins. Co., 122 Mass. 298; Hanscom v. Home Ins. Co., 90 Me. 333, 38 A. 324; Schoeneman v. Hartford Fire Ins. Co. of Hartford, Conn., 267 P. 815, 125 Or. 571; Williams v. Pioneer Co-op. Fire Ins. Co., 171 N. Y. S. 353, 183 App. Div. 826; Mauck v. Northwestern Nat. Ins. Co. of Milwaukee, Wis., 283 P. 338, 102 Cal. App. 510.

When we apply the construction of the term "unoccupied," as given in the authorities cited, to the undisputed facts in this case, we inevitably come to the conclusion that the acts of the plaintiff's tenant resulted in the insured premises being unoccupied beyond a period of ten days without the written consent of the defendant. At the time of the fire no one had been living in the house for more than ten days. The furniture remained, but the mere presence of furniture is not occupancy. For thirteen days neither the tenant nor his family had returned. He and his family had ceased to live in the house; they took up their abode elsewhere; hence, as a dwelling, it was unoccupied. His intention to eventually return and occupy the property does not change the situation.

The plaintiff was therefore precluded, under the terms of the policy and the evidence produced, from recovering in this action.

The first, second, and fourth assignments of error are sustained.

The judgment of the court below is reversed, and is here entered for the defendant.

Judge JAMES dissents.