92   625
99   595
92   625
d115  172

[No. 13678.   Department Two. — January 2, 1892.]

VINCENT R. LEWIS, Appellant, v. HENRY ROTH-
CHILD, Respondent.

TAXES — LIEN UPON REALTY — STATUTE OF LIMITATIONS. — A lien upon real property for a delinquent personal property tax against the owner cannot be extinguished without paying the taxes or selling the property for the payment thereof, and is not barred by the statute of limitations.

ID. — VENDOR AND PURCHASER — CONTRACT OF SALE — NON-PAYMENT OF TAX LIEN — RECOVERY OF DEPOSIT. — Under a contract for the pur-
XCII. CAL.—40

chase of land by the terms of which the vendor was to return to the vendee a deposit made upon the purchase price if any valid liens should be found to exist upon the premises, unless such liens were removed within a stipulated time after notice to the vendor of the extistence thereof, liens upon the property for taxes remaining unpaid at the date of the said agreement, although payable more than four years before the date of the agreement, were subsisting liens at that date, and upon the refusal of the vendor to remove them, the vendee is entitled to recover the deposit paid.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Jones & O'Donnell,* for Appellant.

Sections 3716 and 3717 of the Political Code must be construed so as to give effect to their provisions. Section 312 of the Code of Civil Procedure expressly excepts tax liens from the provisions of the general statute of limitations. The statute of limitations only applies to actions, but there is no need of an action upon a tax lien, as it is *ipso facto* a judgment. (See *San Francisco* v. *Luning,* 73 Cal. 612; *Cowell* v. *Washburn,* 22 Cal. 520; *Reeve* v. *Kennedy,* 43 Cal. 652.)

*Brewton A. Hayne,* for Respondent.

The tax liens are liabilities created by statute, and within section 338 of the Code of Civil Procedure. (*State* v. *Certain Lands,* 40 Minn. 515; *People* v. *Hulbert,* 71 Cal. 72; *McCracken Co.* v. *Mercantile Trust Co.,* 84 Ky. 344.) The tax itself is a liability created by statute, and is barred by the provisions of section 338 of the Code of Civil Procedure. (*San Francisco* v. *Jones,* 20 Fed. Rep. 188; *San Francisco* v. *Luning,* 73 Cal. 610; *State* v. *Mining Co.* 14 Nev. 226. See also *Perry Co.* v. *Railroad Co.,* 58 Ala. 546; *Rich* v. *Tuckerman,* 121 Mass. 222; *Woodburn* v. *Bank,* 5 Watts & S. 447; *McLaughlin* v. *Kain,* 45 Pa. St. 113; *Peoria* v. *Johnston,* 56 Ill. 45; *Edwards Co.* v. *White Co.,* 85 Ill. 390; *Piatt Co.* v. *Goodell,* 97 Ill. 84; *People* v. *Atchison,* 95 Ill. 452; *Ramsay* v. *Clinton Co.,* 92 Ill. 225.) When the claim for the tax itself

is barred, the lien is barred with it. (*San Francisco* v. *Jones*, 20 Fed. Rep. 188; Civ. Code, secs. 2909, 2911; *Heinlin* v. *Castro*, 22 Cal. 100; *McCarthy* v. *White*, 21 Cal. 495; 82 Am. Dec. 754; *Lent* v. *Morrill*, 25 Cal. 495; *Wormouth* v. *Hatch*, 33 Cal. 121; *Arrington* v. *Liscom*, 34 Cal. 365; 94 Am. Dec. 722.) Sections 3716 and 3717 of the Political Code prescribe no limitation whatever, and therefore section 312 of the Code of Civil Procedure does not prescribe a different limitation. Where an exception is intended, it must clearly appear, and cannot be made a statute of limitations by construction of doubtful terms. (*Hyatt* v. *Allen*, 54 Cal. 353; *Barnett* v. *Contra Costa Co.*, 67 Cal. 79.) If there is a conflict between two of the codes, that one must prevail which relates to the particular subject-matter. (Pol. Code, secs. 4480, 4482; *Ham* v. *Santa Rosa Bank*, 62 Cal. 136; 45 Am. Rep. 654; *People* v. *Central Pac. R. R. Co.*, 83 Cal. 393.) The lien created by section 3717 of the Political Code secures an indebtedness, and when the right to the indebtedness is lost, the lien is extinguished. (Civ. Code, sec. 2911; *McCracken Co.* v. *Mercantile Trust Co.*, 84 Ky. 344.) The existence of a lien which is not subject to the statute of limitations is contrary to public policy, and any construction allowing the application of the statute to the lien should be adopted by the court. (*San Francisco* v. *Jones*, 20 Fed. Rep. 188; *State* v. *Certain Lands*, 40 Minn. 515.)

SHARPSTEIN, J. — Appeal from a judgment in an action brought to recover from the defendant the sum of $350, alleged to have been deposited by plaintiff with defendant, on the purchase by plaintiff of defendant of certain real estate described in the complaint. The written contract of purchase is copied into the complaint, and it stipulates that said deposit shall be returned to plaintiff if any valid liens for taxes be found to exist upon said premises, unless removed within five days after plaintiff shall give defendant notice, in writing, of the existence thereof.

Plaintiff alleges that during the fiscal years 1878-79,

and for many years prior thereto, one H. Cummings was the owner of said premises, and was assessed for said fiscal years, for his personal property situated in the city and county of San Francisco, $7.30 for state, city, and county purposes, which plaintiff alleges have not been paid, and constitute a valid lien upon said premises; and plaintiff further alleges that one Elizabeth Mitchell was the owner of said premises during the fiscal years 1884–85, and for many years prior thereto, and that she was assessed for said fiscal years, for her personal property situated in said city and county, $2.72 for state, city, and county purposes, which has never been paid, and constitutes a valid lien upon said premises; and plaintiff further alleges that ten days before the commencement of this action he notified defendant, in writing, of the existence of said liens, and requested him to remove the same, which he refused and neglected, and still refuses and neglects, to do, and that said taxes remain wholly unpaid and unsatisfied, and the premises unsold for the payment thereof; and on the second day of November, 1889, plaintiff demanded the return of said $350 deposited by him with defendant, but defendant refused and neglected, and still refuses and neglects, to return the same, and that the same or any part thereof has never been returned, wherefore he brings this action to recover the same.

The complaint was demurred to on the ground that it did not state facts sufficient to constitute a cause of action, because it appears that the alleged liens are barred by the provisions of subdivision 1 of section 338 of the Code of Civil Procedure, and by subdivision 1 of section 339 of said code, and by the provisions of section 343 of said code. The demurrer was sustained, plaintiff declined to amend his complaint, and judgment was entered in favor of defendant, and plaintiff appeals therefrom. The provisions of the Code of Civil Procedure relied on to justify the ruling of the court in sustaining the demurrer are the following: "An action upon a liability created by statute, other than a penalty or forfeiture." (Code

Civ. Proc., sec. 338, subd. 1.) "An action upon a contract, obligation, or liability, not founded upon an instrument of writing, or founded upon an instrument of writing executed out of the state." (Code Civ. Proc., sec. 339, subd. 1.) "An action for relief not heretofore provided for must be commenced within four years after the cause of action shall have accrued." (Code Civ. Proc., sec. 343.) The appellant relies upon sections 3716 and 3717 of the Political Code and section 312 of the Code of Civil Procedure, which read as follows: "Every tax has the effect of a judgment against the person, and every lien created by this title has the force and effect of an execution duly levied against all property of the delinquent; the judgment is not satisfied nor the lien removed until the taxes are paid or the property sold for the payment thereof." (Pol. Code, sec. 3716.) "Every tax due upon personal property is a lien upon the real property of the owner thereof, from and after twelve o'clock, M., of the first Monday in March in each year." (Pol. Code, sec. 3717.) "Civil actions can only be commenced within the periods prescribed in this title, after the cause of action shall have accrued, except where, in special cases, a different limitation is prescribed by statute." (Code Civ. Proc., sec. 312.)

The main contention of appellant's counsel is, that section 312 of the Code of Civil Procedure shows that it was not the intention of the legislature to apply the statute of limitations to sections 3716 and 3717 of the Political Code, as those sections prescribe a different limitation as to liens created by the title to which those sections belong. The provision that the lien shall not be removed until the taxes are paid or the property sold for the payment thereof is certainly inconsistent with a provision that the lien is extinguished by the lapse of a certain number of years after it attaches to the property. We think a different limitation is prescribed by section 3716 of the Political Code, as to liens created by title IX. of that code, from that prescribed anywhere in title II. of the Code of Civil Procedure.

It has been held that an action to recover city and county and state taxes, under an act entitled "An act to legalize the assessment of taxes in the city and county of San Francisco, and to ratify and confirm a resolution of the board of supervisors of the city and county of San Francisco," approved March 19, 1878, cannot be maintained, unless commenced within three years after the tax becomes delinquent. (*San Francisco* v. *Johnes,* 20 Fed. Rep. 188.) The court, Sawyer, J., in that case said that the suit was not one to enforce a lien at all. And in *San Francisco* v. *Luning,* 73 Cal. 610, an action to recover delinquent taxes under the act of April 23, 1880, the action was commenced more than seven years after the cause of action accrued, and the court held that it was barred by the statute of limitations, but said that it was not an action upon a judgment or to enforce a lien, and that it was possible that there was a subsisting judgment, or lien for the taxes sued for, which the tax collector might enforce by sale in the usual way. "It is possible," said the court, "an action might lie upon the tax as a judgment, or to enforce the lien." Neither of these cases support the contention that a lien on real property for a delinquent tax can be extinguished without paying the taxes or selling the property for the payment thereof. By implication, at least, both of them favor the contention of appellant's counsel, that the liens for unpaid taxes upon the real estate which defendant agreed to sell to plaintiff were subsisting liens upon said property at the date of said agreement, and have never been removed.

Respondent does not claim that the demurrer to the complaint could be sustained upon any other ground than that of the bar of the statute of limitations, and we are satisfied that it was improperly sustained on that ground. Therefore the judgment must be reversed.

Judgment reversed, and cause remanded, with directions to the court below to overrule the defendant's demurrer to plaintiff's complaint, with leave to defendant to answer said complaint, if he shall be so advised,

within ten days after being notified of the overruling of said demurrer.

McFARLAND, J., and DE HAVEN, J., concurred.

Hearing in Bank denied.