[No. 19036.  Department Two.— October 4, 1893.]

THE COUNTY OF LOS ANGELES, RESPONDENT, v. BARTOLA BALLERINO, APPELLANT.

ACTION FOR TAXES — PARTIES — SUIT BY COUNTY — OMISSION OF STATE TAXES. — The act of April 23, 1880 (Stats. 1880, p. 136), authorizing the bringing of suits to recover delinquent taxes, gives a county the right to maintain an action in its own name for delinquent taxes levied for county purposes; and the fact that it might also have sued in the same action 'for delinquent state taxes, is immaterial, where it does not appear that any other action for the state taxes is pending or has been prosecuted to judgment.

ID. — LIABILITY CREATED BY STATUTE — LIMITATION OF ACTION. — An action to recover delinquent taxes is not an action "upon a contract, obligation, or liability, not founded upon an instrument in writing," mentioned in section 339 of the Code of Civil Procedure, which must be brought within two years after the cause of action accrues, but is one which arises upon a liability created by statute, other than a penalty or forfeiture, and is barred by the three years' limitation contained in section 338 of the same code.

ID. — PERCENTAGE NOT A PENALTY OR FORFEITURE. — The five per cent upon the amount of a delinquent tax, which under section 3770 of the Political Code the tax collector is directed to collect in addition to the delinquent tax, is not such a penalty or forfeiture as is excepted from the operation of section 338 of the

XCIX. CAL. — 38  ..

Code of Civil Procedure, which prescribes a three years' limitation for the bringing of actions, "upon a liability created by statute other than a penalty or forfeiture," or as falls within the provisions of section 340 of the same code, requiring an action upon a statute for a penalty or forfeiture to be brought within one year after the cause of action accrues.

ID.—DEFENSE OF FRAUDULENT AND EXORBITANT ASSESSMENT—TENDER OF JUST TAX—PLEADING—EVIDENCE.—An answer in an action to recover a delinquent tax, which seeks to defend against the collection of the tax upon the ground that the assessment was fraudulently and corruptly made at an exorbitant valuation, with the intention of discriminating against him and causing him to pay more than his share of the public taxes, but which fails to allege that the defendant ever paid or offered to pay what would have been right for him to pay upon what he concedes would have been a fair valuation of his property, and fails to offer to pay what the court shall ascertain to be just, fails to state facts constituting an equitable defense to the action; and it is not error for the court to exclude evidence offered by him to show the real value of the land and the discrimination made against him in the assessment.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Horace Allen,* for Appellant.

*James McLachlan,* for Respondent.

The COURT.—The points urged by appellant upon the re-argument of this case have been fully considered by us, and we think the judgment and order appealed from should be affirmed for the reasons given by us in the former opinion, filed herein on March 9, 1893, and that opinion will stand as the opinion of the court.

Judgment and order affirmed.

The following is the opinion above referred to, rendered in Department Two, on the 9th of March, 1893:—

DE HAVEN, J.—This is an action by the county of Los Angeles to recover from the defendant Ballerino taxes levied for county purposes in the year 1888, upon certain real property and improvements owned by him in that county. The prayer of the complaint is for judgment against that defendant for the amount of the tax, "with five *per cent* thereon for delinquencies, and two *per cent* per month interest thereon from the last Monday of December, 1888, . . . . and for a decree . . . . that said real estate be sold, as provided by law," etc. The

superior court gave judgment for plaintiff in accordance with the prayer of the complaint. The defendant appeals.

1. The act of April 23, 1880 (Stats. 1880, p. 136), authorizing the bringing of suits to recover delinquent taxes, and prescribing the form of complaint therefor, provides in its first section that "any county or city and county where such taxes are delinquent, may sue in its own name for the recovery of delinquent taxes, whether the same be for county or city, or city and county and state purposes, or taxes, or either of them." This statute gives to plaintiff the right to maintain this action. (*San Luis Obispo Co.* v. *White*, 91 Cal. 432.) It is claimed by defendant that the plaintiff ought, also, to have sued in this action for the delinquent state taxes for the year 1888; that, having authority to sue for both state and county taxes, it ought not to have split its demand, thus subjecting the defendant to two actions when the whole matter in controversy could have been settled in one suit. But the question the defendant thus presents in argument does not arise upon this record, as it is not alleged in the answer that any other action is pending to recover the state taxes, or that any such action has been prosecuted to judgment, and the defendant is certainly not injured because the plaintiff did not sue for all that it was entitled to demand.

2. The action was not commenced until more than two years after it accrued, and defendant contends that it is barred by subdivision 1 of section 339 of the Code of Civil Procedure, which provides that an action "upon a contract, obligation, or liability, not founded upon an instrument in writing," must be brought within two years after the cause of action accrues. This, however, is not such an action, but is one which arises upon a liability created by statute other than a penalty or forfeiture within the meaning of section 338 of the same code. (*San Francisco* v. *Luning*, 73 Cal. 610; *San Francisco* v. *Jones*, 20 Fed. Rep. 188; *Lewis* v. *Rothchild*, 92 Cal. 625; *State* v. *Yellow Jacket etc. Min. Co.*, 14 Nev. 226.)

The five *per cent* upon the amount of the delinquent tax, which under section 3770 of the Political Code the tax collector is directed to collect in addition to such delinquent tax, and which additional sum is included in the amount sued for in this

action, is not such a penalty or forfeiture as is excepted from the operation of section 338 of the Code of Civil Procedure, or as falls within the provisions of subdivision 1 of section 340 of the same code, requiring "an action upon a statute for a penalty or forfeiture when the action is given to an individual, or to an individual and the state," to be brought within one year after the cause of action accrues. The statutory penalty there referred to is one which an individual is allowed to recover against a wrong-doer, as a satisfaction for the wrong or injury suffered, and without reference to the actual damage sustained, or one which is given to the individual and the state as a punishment for some act which is in the nature of a public wrong. The action to recover such a penalty is a penal action founded upon a statute, and is the action which under section 340 of the Code of Civil Procedure must be brought within one year. But this is not such an action. Even in so far as the plaintiff seeks to recover the additional percentage which defendant has incurred by reason of his delinquency, the statute contemplates that the added *per cent* sued for here shall be collected at the same time and in the same manner as the delinquent tax, and the right to recover is not lost until the cause of action upon such delinquent tax is barred. It is not in terms imposed as a penalty or punishment by section 3770 of the Political Code (*High* v. *Shoemaker*, 22 Cal. 363), and is only a mere incident to the cause of action arising upon the statutory liability to pay the taxes duly levied upon property which has been assessed in accordance with law.

3. As one defense to the action, the defendant alleged in his answer that the assessor fraudulently and corruptly assessed his real estate at the exorbitant valuation of one hundred and twenty thousand dollars, an excess of one hundred and one thousand four hundred dollars over and above its cash value; and in this connection the answer further alleged "that the said assessor did wilfully and fraudulently and corruptly discriminate against this defendant in making his assessments, for instance, that while he imposed an assessment on his parcel of real property at more than eight hundred dollars per acre, he at the same time assessed the adjoining farm at two hundred dollars per acre, and other farms of better land at fifty dollars per acre;

that such exorbitant assessment on this parcel of real property was not from error of judgment on the part of said assessor, but it was done from corrupt and fraudulent motives, as aforesaid." Upon the trial the defendant offered to show by witnesses that the cash value of his property upon which the assessment in question was made in the year 1888 did not exceed fifty dollars per acre, and he offered to show by the assessment roll for that year that sixty-seven acres of adjoining land belonging to another person was assessed at only fifteen thousand dollars, or about one fourth the amount for which the land of defendant was assessed the same year.

This offered evidence was excluded by the court, and we see no error in the ruling. It is undoubtedly true that a tax-payer may enjoin the collection of a tax founded upon an assessment fraudulently and corruptly made with the intention of discriminating against him, and for the purpose of causing him to pay more than his share of the public taxes (*Merrill* v. *Humphrey*, 24 Mich. 170; *Lefferts* v. *Board of Supervisors*, 21 Wis. 688; *Milwaukee Iron Co.* v. *Hubbard*, 29 Wis. 51); and it is equally true that the fact of such a fraudulent assessment would be available to the tax-payer as an equitable defense in an action brought to enforce the collection of a tax founded upon an assessment of that character. But in appealing to a court of equity for relief by way of injunction against such fraudulent assessment, the plaintiff must show by his complaint that he has paid or tendered the amount of taxes which would have been due from him if his property had been assessed at what he concedes would have been a fair valuation, and he must in addition offer to pay what the court shall find to be equitable and just (*Merrill* v. *Humphrey*, 24 Mich. 170; *State R. R. Tax Cases*, 92 U. S. 616; *Huntington* v. *Palmer*, 7 Sawy. 355; *National Bank* v. *Kimball*, 103 U. S. 732; *Montgomery* v. *Sayre*, 65 Ala. 564; 1 High on Injunctions, sec. 491); and we think the same facts should appear in an answer which seeks to defend against the collection of a tax upon the ground of a fraudulent assessment. Tested by this requirement the answer of defendant fails to state facts sufficient to constitute an equitable defense to this action growing out of such alleged fraudulent assessment. It contains no allegation that defendant ever paid

or offered to pay what would have been right for him to pay upon what he concedes would have been a fair valuation of his property, nor does he offer to pay what the court shall ascertain to be just; and for this reason there was no error in excluding the evidence offered by him tending to prove the matters alleged in his answer as to the value of his land, and the discrimination made against him in its assessment.

Judgment and order affirmed.

McFARLAND, J., and FITZGERALD, J., concurred.