[No. B013145. Second Dist., Div. Seven. June 13, 1986.]

COMMUNITY REDEVELOPMENT AGENCY OF THE CITY OF LOS ANGELES, Plaintiff and Respondent, v.
MARK H. BLOODGOOD, as Auditor-Controller, etc., et al., Defendants and Appellants.

**COUNSEL**

De Witt W. Clinton, County Counsel, and Lawrence B. Launer, Assistant County Counsel, for Defendants and Appellants.

Weiser, Kane, Ballmer & Berkman, R. Bruce Tepper, Jr., and Kathryn Reimann for Petitioner and Respondent.

**OPINION**

**JOHNSON, J.**—The issue in this case is whether a community redevelopment agency is entitled to a share of the delinquency penalties, interest and redemption penalties arising from unpaid property taxes within its

jurisdiction. We find the agency is entitled to share in this revenue when property sold for unpaid taxes is redeemed. Therefore, we affirm the judgment below.

## FACTS AND PROCEEDINGS BELOW

The Community Redevelopment Agency of the City of Los Angeles (agency) is an agency created by law and charged with the duty to prepare and implement a plan to halt and eradicate blight within its jurisdiction. (Health & Saf. Code, §§ 33030-33039.) The agency itself has no power to levy taxes to finance its projects. It is authorized to borrow money by issuing bonds and other means. (Health & Saf. Code, § 33601.) The agency's major source of funds to repay its debts is its share of property taxes levied by other government agencies on property within a redevelopment project area. (Cal. Const., Art. XVI, § 16; Health & Saf. Code, §§ 33670-33677; see *Bell Community Redevelopment Agency* v. *Woosley* (1985) 169 Cal.App.3d 24, 27 [214 Cal.Rptr. 788].)

The system by which the agency shares in the property taxes generated within a project area is known as tax increment financing. Its operation was described in *Redevelopment Agency* v. *County of San Bernardino* (1978) 21 Cal.3d 255, 259 [145 Cal.Rptr. 886, 578 P.2d 133]: "[I]f, after a redevelopment project has been approved, the assessed valuation of taxable property in the project increases, the taxes levied on such property in the project area are divided between the taxing agency and the redevelopment agency. The taxing agency receives the same amount of money it would have realized under the assessed valuation existing at the time the project was approved, while the additional money resulting from the rise in assessed valuation is placed in a special fund for repayment of indebtedness incurred in financing the project."

Mr. Bloodgood, the Auditor-Controller of the County of Los Angeles, is charged with the duty of allocating and paying property tax increment monies to the agency. (Health & Saf. Code, § 33675.)

The dispute in this case arose when property within the agency's Bunker Hill Renewal Project was redeemed after being sold to the state on account of unpaid property taxes. In order to redeem the property the taxpayer paid delinquency penalties, interest and redemption penalties together with the principal amount of the taxes due. The agency contended it was entitled to share in the penalties and interest in the same proportion it shared in the taxes. The County of Los Angeles, through Mr. Bloodgood, refused to pay any amount of the penalties and interest to the agency.

The agency petitioned for a writ of mandate ordering Bloodgood to pay over the penalties and interest. The writ was granted. This appeal followed.

## DISCUSSION

■ Under the general rule penalties follow the tax. (*Long Beach City School Dist.* v. *Payne* (1933) 219 Cal. 598, 601 [28 P. 663]; *City of Los Angeles* v. *County of Los Angeles* (1983) 139 Cal.App.3d 999, 1004 [189 Cal.Rptr. 129].) Thus, unless the Legislature has otherwise directed, interest and penalties collected on delinquent taxes follow the tax and go to the state, county or city entitled to the tax itself. (*Long Beach City School Dist.,* *ibid.*)

■ The questions in the case before us are whether this general rule is applicable to an agency such as a community redevelopment agency which has no power to levy taxes; and, even if the general rule is applicable, has the Legislature directed that penalties be allocated in some other manner.

Although we have found no case addressing the first question, we are not without guidance. The Attorney General applied the penalty-follows-the-tax rule in a 1956 opinion to resolve the same issue put to us 30 years later. (27 Ops.Cal.Atty.Gen. 352, 355-356 (1956).) The Attorney General's resolution was based on the premise "what is divided between the appropriate taxing agency and the redevelopment agency are the amounts which, in the absence of (tax increment financing) would go to the taxing agency on account of the levy of taxes, and that the taxing agency is to receive neither more nor less than the amount it would have received had the assessed valuation not increased. . . ." (*Id.,* at p. 356.) Applying this premise, the Attorney General concluded that on the payment of delinquent taxes on the current roll (i.e., prior to a tax sale), no portion of the delinquent penalties would be apportioned to the redevelopment agency because those penalties are generally assigned to the county general fund rather than the particular taxing agency. (*Ibid.;* and see Rev. & Tax Code, § 4653.6.) However, on redemption of tax-sold property, the delinquent penalties, interest and redemption penalties should be divided between the taxing agency and the redevelopment agency because these sums ordinarily go to the taxing agency. (*Ibid.,* and see former Rev. & Tax Code §§ 4656.4, 4656.6, 4657.)[1]

We are persuaded by this reasoning. It is logical, consistent with existing case law, and consistent with the tax increment financing system. It is also

---

[1]Section 4656.4 provided: "Taxes shall be distributed to each fund on the basis of the tax rate established for the fiscal year preceding that in which distribution is made and in the same proportion as the tax rate for each fund bears to the total tax rate applicable."

Section 4656.6 provided: "Amounts collected as delinquent penalties shall be distributed as taxes."

Section 4657 provided: "Interest and redemption penalties shall be distributed as taxes."

These sections were repealed in 1974 (Stats. 1974, ch. 708, §§ 1, 2) and their provisions consolidated in a new section 4656.2. (Stats. 1974, ch. 708, § 2.) (See discussion, *infra.*)

fundamentally fair the redevelopment agency, which shares in the taxing agency's loss of tax revenue, share in the taxing agency's gain. (See Health & Saf. Code, § 33670, subds. (a) and (b); *Redevelopment Agency* v. *County of San Bernardino, supra,* 21 Cal.3d at p. 261.)

Los Angeles County, through Mr. Bloodgood, argues the general rule does not apply in the case before us because legislation adopted after the Attorney General's opinion excludes redevelopment agencies from participating in the revenue produced by penalties and interest upon redemption after a tax sale.

 The county relies on Revenue and Taxation Code section 4656.2 which provides upon redemption of property after a tax sale, "Taxes, and all delinquent penalties, interest and redemption penalties accruing thereon, shall be distributed to each fund . . ." The county argues a redevelopment agency is not a "fund" for purposes of section 4656.2[2] therefore it is not entitled to share in the penalties and interest.

As previously explained, the general rule the penalty follows the tax is not limited to agencies with taxing authority. Therefore, it is irrelevant a redevelopment agency is not a "fund." Section 4656.2 is merely a consolidation of former sections 4656.4, 4656.6 and 4657 cited in the Attorney General's opinion, *supra.* Those sections, likewise, did not specify redevelopment agencies share in penalties and interest. Their entitlement to share then, as now, results from the logical and equitable application of the rule the penalty follows the tax.

Section 4656.2 applies not only to penalties and interest but to the delinquent taxes themselves. If we were to accept the county's argument the absurd result would be the redevelopment agency is not entitled to share in the taxes either.

## DISPOSITION

The judgment is affirmed.

Lillie, P. J., and Thompson, J., concurred.

Appellants' petition for review by the Supreme Court was denied August 20, 1986.

---

[2]Revenue and Taxation Code section 4651 provides a "'fund' includes: (a) A revenue district. (b) A taxing agency. (c) Annual installments of assessments charged on the roll."