[No. B077535. Second Dist., Div. Six. July 21, 1994.]

CITY OF CAMARILLO et al., Plaintiffs and Respondents, v.
COUNTY OF VENTURA et al., Defendants and Appellants.

**COUNSEL**

James L. McBride, County Counsel, and Daniel J. Murphy, Assistant County Counsel, for Defendants and Appellants.

J. Robert Flandrick, City Attorney, Burke, Williams & Sorenson, Virginia R. Pesola and Kenneth D. Rozell for Plaintiffs and Respondents.

## OPINION

YEGAN, J.—We hold that delinquency penalties, collected on special taxes imposed pursuant to the Mello-Roos Community Facilities District Act of 1982, "follow the tax" and go to the public entity that levied the tax. (Gov. Code, §§ 53312, 53340, 53340.5.)[1] County of Ventura, Norman R. Hawkes in his capacity as Ventura County Auditor-Controller, and Harold S. Pittman in his capacity as Ventura County Tax Collector (County), appeal from a judgment awarding respondents, City of Camarillo (City) and the West Camarillo Community Facilities District No. 1, $48,391.46 in tax delinquency penalties. County collected the tax penalties on behalf of respondents but refused to pay any portion of the funds. The trial court ordered County to disburse the funds to respondents. We affirm.

On March 14, 1990, City passed a resolution pursuant to the Mello-Roos Community Facilities District Act of 1982 (Mello-Roos Act) establishing the West Camarillo Community Facilities District No. 1 (District). (§ 53318 et seq.) The city council, acting as the legislative body of District, issued $13,955,000 in secured bonds. Special taxes were levied on real property located in the district. (§§ 53360, 53328.) County collected the taxes on behalf of the City and District. (§§ 50077, subd. (b), 53340.)

During the 1991-1992 fiscal year, two property owners failed to remit $483,914.60 in Mello-Roos special taxes. A penalty assessment of $48,391.46 was imposed. On May 27, 1992, the property owners paid the special taxes and delinquency penalty. County distributed the taxes to City and District but kept the $48,391.46 penalty payment. County claimed that the funds should be distributed to the county general fund pursuant to Revenue and Taxation Code section 4653.6.

City, acting for and on behalf of District, sued for unjust enrichment, declaratory relief and injunctive relief. The matter was tried without a jury and submitted on stipulated facts. County argued that Revenue and Taxation Code section 4653.6 governed the distribution of tax penalties levied pursuant to the Mello-Roos Act. The trial court disagreed and entered judgment against County.[2]

■ Because the appeal involves the applicability of a statute based on stipulated facts, the issue presented is a question of law. (*Southern California*

---

[1] All further statutory references are to the Government Code unless otherwise stated.

[2] The trial court issued a statement of tentative decision which recites: "(1) Government Code § 53340 does not speak to the subject of the retention or distribution of delinquency penalties, but instead only to their collection; (2) nothing in Revenue & Taxation Code § 93(b) or its legislative history compels or permits the conclusion that the legislature

*Edison Co.* v. *State Board of Equalization* (1972) 7 Cal.3d 652, 659, fn. 8 [102 Cal.Rptr. 766, 498 P.2d 1014.) "When presented with uncontradicted facts on appeal in tax matters, the appellate court is free to make its own determinations. [Citation.] Our review of the legal question at issue is undertaken independently and we are not bound by the trial court's determination." (*Rain Bird Sprinkler Mfg. Corp.* v. *Franchise Tax Bd.* (1991) 229 Cal.App.3d 784, 794 [280 Cal.Rptr. 362].)

 Revenue and Taxation Code section 4653.6 provides: "Amounts paid as delinquent penalties shall be distributed to the county general fund." County asserts that penalties, collected on delinquent Mello-Roos taxes, go to the county general fund. We disagree. "The general rule is that the penalties follow the tax." (*Long Beach City School Dist.* v. *Payne* (1933) 219 Cal. 598, 601 [28 P.2d 663].) " 'Unless otherwise directed, interest, penalties, and costs collected on delinquent taxes follow the tax, and go to the state, county, or city according as the one or the other is entitled to the tax itself . . . . But the legislature may change this rule and dispose otherwise of interest or penalties.' " (*Ibid.*)

*City of Los Angeles* v. *County of Los Angeles* (1983) 139 Cal.App.3d 999 [189 Cal.Rptr. 129] illustrates the general rule. There, the City of Los Angeles brought an action seeking its share of penalties on ad valorem property taxes assessed and collected after the adoption of Proposition 13. (Cal. Const., art. XIII A.) Revenue and Taxation Code section 93 (former Revenue and Taxation Code section 2237) required that the county distribute the revenues in accordance with the Government Code. The county, relying on Revenue and Taxation Code section 4653.6, claimed that it was entitled to keep the tax penalties.

The Court of Appeal disagreed and held that the penalties followed the tax. "County cites Revenue and Taxation Code section 4653.6 (enacted in 1951) which provides that '[a]mounts paid as delinquent penalties shall be distributed to the county general fund.' [¶] That contention is meritless. Revenue and Taxation Code section 2237, and later section 93, subdivision (b) each provides that property tax revenues are, since the advent of Proposition 13, to be distributed in accordance with the provisions of the Government Code, not the Revenue and Taxation Code. [¶] To rule in favor of the

abrogated, modified or limited the general rule regarding 'special taxes' as defined in Art. XIIIA, Sec. 4 of the California Constitution; (3) no case authority requires 'special taxes' to be treated the same as ad valorem property taxes with respect to delinquency penalties and; (4) the general rule that the penalty should follow the tax should be given substantial weight and deference when, as here, the statutes which bear upon its application are not sufficiently clear to unequivocally supercede it."

County in this matter would require us to 'judicially legislate' to fill in a gap in the implementing legislation under article XIII A, section 1, subdivision (a) as to the entitlement of cities to penalties on the portion of delinquent taxes collected on their behalf." (*City of Los Angeles* v. *County of Los Angeles, supra,* 139 Cal.App.3d at p. 1003.)

In 1989 the Legislature "filled the gap" by amending Revenue and Taxation Code section 93, subdivision (b). (Stats. 1989, ch. 1230, § 1, p. 4812.) Section 93, as amended, governs the levy, allocation, and distribution of ad valorem property taxes.[3] Special taxes are not ad valorem property taxes. (Cal. Const., art. XIII A, § 4; *Heckendorn* v. *City of San Marino* (1986) 42 Cal.3d 481, 487-489 [229 Cal.Rptr. 324, 723 P.2d 64].) The Legislature has provided that a Mello-Roos tax is "[a] special tax [and]. . . . shall not be construed to be on or based upon the ownership of real property." (§ 53325.3.)

County, however, asserts that Revenue and Taxation Code section 93, in combination with Revenue and Taxation Code section 4653.6, controls the allocation and distribution of all taxes on the secured property roll, including Mello-Roos taxes. County also argues that Revenue and Taxation Code section 4653.6, enacted 30 years before the Mello-Roos Act, unequivocally requires that Mello-Roos penalty payments be allocated to the county general fund. We disagree.

Special taxes are " 'collected and earmarked for a special purpose, rather than being deposited in a general fund.' [Citations.]" (*City and County of San Francisco* v. *Farrell* (1982) 32 Cal.3d 47, 53 [184 Cal.Rptr. 713, 648 P.2d 935].) The Mello-Roos Act states in pertinent part that "[t]he special tax shall be collected in the same manner as ordinary ad valorem property taxes are collected and shall be subject to the same penalties and the same procedure, sale, and lien priority in the case of delinquency as is provided

---

[3]Revenue and Taxation Code section 93, subdivision (b) states: "A county shall *levy an ad valorem property tax* on taxable assessed value at a rate equal to four dollars ($4) per one hundred dollars ($100) of assessed value, and at an equivalent rate when the ratio prescribed in Section 401 is changed from 25 percent to 100 percent. The revenue from that tax shall be distributed, subject to the allocation and payment as provided in subdivision (d) of Section 33675 of the Health and Safety Code, to local agencies, school districts, county superintendents of schools, and community college districts in accordance with the provisions of the Government Code through the 1978-1979 fiscal year and in accordance with applicable provisions of the Revenue and Taxation Code in each fiscal year thereafter. *Revenues from property tax delinquency penalties, and accrued legal interest paid on judgments for the recovery of unpaid property taxes rendered by courts of this state, shall be distributed pursuant to Sections 4653.6, 4655.4,* and *4658.4 of the Revenue and Taxation Code,* or their successors." (Italics added.)

for ad valorem taxes, unless another procedure has been authorized in the resolution of formation establishing the district and adopted by the legislative body . . . . *The tax collector may deduct the reasonable administrative costs incurred in collecting the special tax.*" (§ 53340, italics added.)

Section 53340.5 further requires that the county auditor provide the district, at the close of each tax collecting period, ". . . a detailed report showing the amounts of special taxes, interest, and *penalties collected for the district* and from which property those revenues were collected, identifying any properties which are delinquent and the amount and length of time in arrears, *and a statement of the percentage of the taxes retained by the auditor for the expenses incurred in making the collections and the report.*" (Italics added.) County may deduct for collection costs, but may not withhold delinquency penalties.

County asserts that Revenue and Taxation Code section 4653.6 changes the distribution scheme if the special taxes are collected in the same manner as ad valorem property taxes. Not so. Had the property owners not paid the tax, District could have instituted foreclosure proceedings to collect the "special taxes, interest, penalties, costs, fees and other charges" that are "delinquent." (§§ 53356.1, subd. (c), 53356.4.) The taxes and penalty assessments would have been removed from the tax roll and paid to District. (§ 53356.2, subd. (a).)

Under County's construction of the law, it keeps the penalty payment if the taxpayer avoids foreclosure by paying the delinquent taxes and penalty. Such a rule is illogical and would be contrary to sections 53340, 53340.5, and 53358.[4] The Mello-Roos Act provides that "[a]ny provision in this chapter which conflicts with any other provision of law shall prevail over the other provision of law." (§ 53312.)

We conclude that Revenue and Taxation Code section 4653.6 does not control the distribution of penalties on special taxes levied and collected pursuant to the Mello-Roos Act. Until the Legislature directs to the contrary, Mello-Roos delinquency penalties follow the tax and must be distributed to the public entity that levied the tax. (*Long Beach City School Dist.* v. *Payne,*

---

[4]District maintains a reserve account to service the bonds if the taxpayer fails to pay the special tax. Section 53358 states in pertinent part: "All of the collections for payment of principal and interest on bonds shall be paid into the community facilities district bond fund and reserve or other fund for the particular community facilities district and shall be used solely for the payment of the principal of and interest on the outstanding bonds of the community facilities district."

*supra*, 219 Cal. 598, 601; *City of Los Angeles* v. *County of Los Angeles*, *supra*, 139 Cal.App.3d 999, 1003-1004.)

The judgment is affirmed. Each party shall bear its own costs on appeal.

Stone (S. J.), P. J., and Gilbert, J., concurred.